IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BANK OF HAWAII, | ) | CIVIL NO. 22-00220 JAO-WRP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | WITHOUT PREJUDICE |
| | ) | PLAINTIFF'S MOTION FOR |
| DARREL PLIMPTON, | ) | DEFAULT JUDGMENT AGAINST |
| | ) | DEFENDANT DARREL |
| Defendant. | ) | PLIMPTON |
| | ) | |

FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT DARREL PLIMPTON

Before the Court is Plaintiff Bank of Hawaii's Motion for Default Judgment Against Defendant Darrel Plimpton (Motion). See ECF No. 16. The Court finds the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii. The Court FINDS AND RECOMMENDS that Plaintiff's Motion be DENIED WITHOUT PREJUDICE.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

BACKGROUND

Defendant is the sole manager/member of non-party Maui Seafoods LLC (Seafoods). According to the Complaint, Plaintiff, as lender, and Seafoods, as borrower, entered into a Commercial Credit Agreement, dated February 23, 2018, for a revolving line of credit facility extended to Seafoods (RCL Loan). See ECF No. 1 ¶¶ 7-8. The Commercial Credit Agreement was subsequently amended by the First Amendment to Credit Agreement, dated February 7, 2019. See id. ¶ 7. Plaintiff refers to the Agreement and the Amendment as the "RCL Agreement." See id.

Plaintiff further alleges that Seafoods' obligation to repay the RCL Loan is evidenced by a Promissory Note, dated November 25, 2015, payable to Plaintiff in the initial Principal amount of $300,000.00 (RCL Note). See id. ¶ 9. The RCL Note is governed by the terms and conditions of the RCL Agreement, and the maturity date on the RCL Note has been extended several times, most recently to May 5, 2021. See id. ¶ 10.

On February 23, 2018, Defendant executed a Commercial Guarantee guaranteeing all of Seafoods' payment to Plaintiff, including Seafoods' indebtedness under the RCL Note. See id. ¶ 11.

On April 30, 2021, Seafoods filed Chapter 7 proceedings in the United States Bankruptcy Court for the District of Hawaii. See id. ¶ 13. Plaintiff alleges that Seafoods is in default under the RCL Note for (1) failure to make

monthly payments, (2) initiation of a Chapter 7 bankruptcy filing, and (3) failure to pay the RCL Note in full upon maturity. See id. ¶ 15.

On November 22, 2021, Plaintiff sent a letter to Defendant, as guarantor of the RCL Note, demanding all amounts due and owing under the RCL Note, which at that time was $244,115.70 (Demand Letter). See id. ¶ 18. In its Demand Letter, Plaintiff asserts that interest under the RCL Note accrues at a rate of $30.8830880 per day. See ECF No. 16-15 at 3. However, in the Complaint Plaintiff alleges that interest accrues at a rate of $27.6715466 per day, see ECF No. 1 ¶ 17, and in its Motion, Plaintiff states that interest accrues at a rate of $40.78 per day. See ECF No. 16-2 ¶ 17.

Based on these allegations, Plaintiff brought one claim against Defendant for breach of contract, see ECF No. 1 at 3, and served the Complaint upon Defendant on May 16, 2022. See ECF No. 9. On June 21, 2022, Plaintiff requested that the Clerk enter default judgment against Defendant, see ECF No. 12, and on June 22, 2022, the Clerk entered default against Defendant for failure to plead or otherwise defend against the Complaint. See ECF No. 13. On August 19, 2022, Plaintiff filed the present Motion for Default Judgment. See ECF No. 16.

## DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) provides that "[i]n all other cases [other than those in which the clerk of the court may enter default judgment], the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

It is within the sound discretion of the district court to grant or deny an application for default judgment pursuant to Rule 55(b)(2).  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

In determining whether to grant or deny default judgment, the court considers the following factors.

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (the Eitel factors).

### A.        Jurisdiction and Sufficiency of Complaint

The Court ultimately finds that Plaintiff's Motion should be denied because the Complaint that was served on Defendant does not allege facts sufficient to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."); see also Watts v. Pinckney, 752 F.2d 406, 409 (9th Cir. 1985) ("It is well settled that a judgment is void '*if the court that rendered it lacked jurisdiction of the subject matter . . . .*'") (quoting Vol. 11, Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2862, at 198-200 (1973); Asad v. Pioneer

Balloon, 48 F. App'x 673 (9th Cir. 2002) ("The district court correctly denied as moot Asad's motion to execute default judgment, because the district court lacked subject matter jurisdiction."); Tiesing v. 357 Customs Inc., 2008 WL 2705553, at *1 (E.D. Cal. July 10, 2008), report and recommendation adopted, 2008 WL 3850253 (E.D. Cal. Aug. 14, 2008) ("[T]he complaint served on defendant fails to establish diversity jurisdiction, and as such, cannot serve as the basis for default judgment.").

It is Plaintiff's burden to establish subject matter jurisdiction, and in this case, diversity jurisdiction.  See Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996) (citation omitted) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."). Plaintiff must affirmatively allege the citizenship of Defendant.  See Nugget Hydroelec., L.P. v. Pac. Gas & Elec. Co., 981 F.2d 429, 438 (9th Cir. 1992) (citation omitted) (noting that a plaintiff asserting diversity jurisdiction is "required to specify affirmatively the citizenship of all relevant parties . . . .").

Here, Plaintiff predicates jurisdiction on the diversity of the parties. However, Plaintiff alleges only that Defendant is a "resident" of Massachusetts. See ECF No. 1 ¶ 2.  "But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  A person's citizenship is "determined by her state of domicile, not her state of residence. A person's domicile is her permanent home,

5

where she resides with the intention to remain or to which she intends to return." Id. (citation omitted). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. (citing Weible v. United States, 244 F.2d 158, 163 (9th Cir.1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile.")).

Courts consider a number of factors, with no single factor controlling, when determining an individual's domicile, including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986).

Plaintiff's Complaint does not allege Defendant's citizenship nor the state in which he is domiciled. See ECF No. 1 at 2. Further, the Court is concerned that Defendant may not be domiciled in Massachusetts and may be domiciled in Hawai'i. See ECF No. 1 at 10 (where Defendant indicates that he may not be living in Massachusetts); id. at 19-22 (a document dated February 23,

6

2018, where Defendant lists his address as a Hawai'i address that is different from his business address); ECF No. 9 (showing that the Complaint was served on Defendant's sister at his alleged home address, and not Defendant).

Because the Court finds the allegations in the Complaint are insufficient to establish subject matter jurisdiction, and therefore the Complaint is also insufficient under the third Eitel factor, the Court RECOMMENDS that the District Court DENY Plaintiff's Motion, but permit Plaintiff to file and serve an amended complaint within 30 days of the District Court's adoption of this Findings and Recommendation and, if appropriate, re-apply for entry of default and file a renewed motion for default judgment.[1]  Plaintiff is reminded of its obligation to establish diversity jurisdiction and should seek to overcome the Court's concerns as set forth above.

---

[1] Regarding personal jurisdiction, the Court notes that Plaintiff's summons is technically defective as it does not comply with Federal Rule of Civil Procedure, Rule 4(a)(1)(C) as it does not contain the name and address of Plaintiff's attorney.  See ECF No. 7; see also Fed. R. Civ. P. 4(a)(1)(C).  However, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."  Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) (citing United Food & Com. Workers Union, Locs. 197 v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984).  Technical defects in a summons do not justify dismissal unless a party is able to demonstrate prejudice.  See Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994) (citations omitted).  Here, Defendant received sufficient notice of the name and address of Plaintiff's attorneys because this information was stated on the front of the Complaint attached to the summons.  Therefore, the Court does not consider the summons so defective to interfere with the Court's personal jurisdiction over Defendant.

### B. Remedies

Although a defendant's default establishes liability, it does not establish all relief to which a plaintiff is entitled. Plaintiff must provide evidence to support its requested relief and that relief "*must not differ in kind from*, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c) (emphasis added). As noted above, the rule that the factual allegations of the complaint are taken as true does not apply to the amount of damages. See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-918 (9th Cir. 1987).

While the Court recommends that Plaintiff's Motion be denied for failure to establish subject matter jurisdiction, the Court notes its concern that, should Plaintiff amend its Complaint and file a renewed motion for default judgment, the amount sought in the Complaint has not yet been shown to be a liquidated sum by Plaintiff. See Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981) (citation omitted) ("It is well settled that a default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation.").

Rule 55 provides that the court may conduct a hearing to effectuate judgment when it needs to determine the amount of damages. See Fed. R. Civ. P. 55(b)(2). However, if damages are capable of being determined from figures in documentary evidence or detailed affidavits, default judgment may be entered without a hearing. See United States v. Yermian, 2016 WL 1399519, at *3 (C.D.

8

Cal. Mar. 18, 2016) (citation omitted) ("Rule 55 does not require the court to conduct a hearing on damages, so long as it ensures there is an adequate basis for the damages awarded in the default judgment.").

   Here, Plaintiff has not provided sufficient proof of the $228,723.34 in requested damages ($212,633.99 in principal amount under the RCL Note and $16,089.35 in interest through August 19, 2022). See ECF No. 16-2 ¶ 16. For example, nowhere in Plaintiff's declaration does it clearly set forth how the principal amount was decreased from $300,000.00 to $212,633.99. See id. ¶¶ 5,16. Only after reviewing the fifteen exhibits accompanying Plaintiff's Motion, the Court was able to determine that the last Change In Terms Agreement showed a final principal amount of $270,000.00 as of March 5, 2021, see ECF No. 16-13 at 2, coupled with reductions in the principal amount, from Plaintiff's declaration, of $32,687.85, see ECF No. 16-2 ¶ 13, and $24,678.16, see id. ¶ 15, decreasing the total principal amount to $212,633.99.

   While the Court was able to confirm the principal amount due and owing, the Court cannot do the same for the alleged interest owed to Plaintiff. Plaintiff indicates varying interest rates per day in its Demand Letter to Defendant, in its Complaint, and in its Motion. Compare ECF No. 16-15 at 3 (Demand Letter showing an interest rate of $30.8830880 per day), and ECF No. 1 ¶ 17 (Complaint showing an interest rate of $27.6715466 per day), with ECF No. 16-2 ¶ 16 (Motion showing an interest rate of $40.78 per day).

9

Should Plaintiff choose to amend its Complaint and seek a renewed motion for default judgment, Plaintiff should consider whether it has sufficiently and clearly set forth the amount it is entitled to, including an explanation of why Plaintiff's evidence includes three different interest rates, and which one is correct.[2]

///

///

///

///

///

///

///

///

///

///

///

///

---

[2] Plaintiff also requests attorney's fees and costs in its Motion, but fails to identify any basis for the fees and costs.  See ECF No. 16-1 at 13.  If Plaintiff intends to seek its attorney's fees and costs in a renewed motion for default judgment, Plaintiff should state the basis for its request and attach the required billing information as set forth in the Local Rules.

CONCLUSION

For the reasons stated above, the Court FINDS and RECOMMENDS that Plaintiff's Motion be DENIED WITHOUT PREJUDICE to Plaintiff filing and serving an amended complaint within 30 days of the District Court's adoption of this Findings and Recommendation and, if appropriate, re-applying for entry of default and filing a renewed motion for default judgment.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 14, 2022.



Wes Reber Porter
United States Magistrate Judge

**BANK OF HAWAII v. DARREL PLIMPTON; CIVIL NO. 22-00220 JAO-WRP; FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT DARREL PLIMPTON**