IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BANK OF HAWAII,<br><br>        Plaintiff,<br><br>   vs.<br><br>DARREL PLIMPTON,<br><br>        Defendant. | CIVIL NO. 22-00220 JAO-WRP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DARREL PLIMPTON |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DARREL PLIMPTON**

Before the Court is Plaintiff Bank of Hawaii's ("Plaintiff") Objection to the Magistrate Judge's Findings and Recommendation to Deny Without Prejudice Plaintiff's Motion for Default Judgment Against Defendant Darrel Plimpton ("Objection"). ECF No. 20. This matter shall be decided without a hearing pursuant to Local Rule 7.1(d). For the reasons articulated below, the Court rejects Plaintiff's objections and ADOPTS Magistrate Judge Porter's Findings and Recommendation to Deny Without Prejudice Plaintiff's Motion for Default Judgment Against Defendant Darrel Plimpton ("F&R"). ECF No. 19.

## BACKGROUND

Plaintiff commenced this action on May 13, 2022 against Defendant Darrel Plimpton ("Defendant").  ECF No. 1.  According to the Complaint, Plaintiff extended a revolving line of credit to non-party Maui Seafoods LLC (Seafoods).  *Id.* ¶¶ 8-10.  Defendant executed a Commercial Guaranty, thereby guaranteeing all of Seafood's payments due to Plaintiff.  *Id.* ¶ 11.  Plaintiff alleges Seafoods is in default and, as of January 31, 2022, owes a total of $222,278.78, with interest continuing to accrue.  *Id.* ¶¶ 15-17.  Plaintiff contends it made a demand on Defendant, as the guarantor, for all outstanding sums, but that Defendant has failed to pay the outstanding balance.  *Id.* ¶¶ 18-20.  Based on these allegations, Plaintiff brought a single claim against Defendant for breach of contract.  *Id.* ¶¶ 6-21.

Relevant here, the Complaint alleges the Court has jurisdiction over this action based on diversity jurisdiction, 28 U.S.C. § 1332(a)(1), because the matter in controversy exceeds $75,000 and is between citizens of different States.  *Id.* ¶ 4.  In support of its allegation that diversity of citizenship exists, Plaintiff alleges it is a citizen of Hawaiʻi (by alleging it is a Hawaiʻi corporation with its principal place of business in Honolulu, Hawaiʻi), but states only that Defendant "is a resident of the State of Massachusetts per his testimony given at the May 27, 2021 first meeting of creditors in the bankruptcy case of Maui Seafoods LLC [.]"  *Id.* ¶¶ 1-2.

Plaintiff served the Complaint on Defendant by leaving the summons and Complaint with someone identified as the "sister/co-resident of Defendant" at an address in Massachusetts.  ECF No. 9.  After Defendant failed to respond to the Complaint, Plaintiff sought entry of default, and default was entered against Defendant.  ECF Nos. 12, 13.  Plaintiff then moved for default judgment pursuant to Federal Rule of Civil Procedure Rule 55(b).  ECF No. 16.  On October 14, 2022, Magistrate Judge Porter issued the F&R denying Plaintiff's motion for default judgment without prejudice, recommending that Plaintiff be granted leave to file an amended complaint to address certain deficiencies related to Plaintiff's jurisdictional allegations.  ECF No. 19.  Plaintiff filed its Objection to that F&R on October 28, 2022.  ECF No. 20.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Under a de novo standard, there is no deference to the lower court's ruling; rather, the Court "freely consider[s] the

3

matter anew, as if no decision had been rendered below." *Dawson v. Marshall*, 561 F.3d 930, 933 (9th Cir. 2009) (alteration in original) (quotations omitted); *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

## ANALYSIS

"The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016). Defendant objects to Magistrate Judge Porter's F&R, specifically challenging his determination that the allegations in the Complaint were insufficient for Plaintiff to carry its burden of establishing subject matter jurisdiction based on diversity where Plaintiff alleged only Defendant's residency, and not his citizenship or domicile, and evidence in the record indicated Defendant may not be domiciled in Massachusetts. The F&R also raised other concerns with Plaintiff's interest calculations, to which Plaintiff has not objected. Upon de novo review, the Court rejects Plaintiff's objections and adopts the F&R.

The only allegation in the Complaint regarding Defendant's citizenship concerns his place of residence. ECF No. 1 ¶ 2. As the F&R correctly noted, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). State citizenship is determined by a party's state of domicile, not residence. *Id.*

"A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return. *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode[.]")). The Court therefore agrees that Plaintiff's allegation of residency alone is fatal to Plaintiff's assertion of diversity jurisdiction. *See Kanter*, 265 F.3d at 857-58 (concluding defendants' failure to specify plaintiffs' citizenship, where complaint and notice of removal identified only their place of residence, was fatal to assertion of diversity jurisdiction).

In doing so, the Court rejects Plaintiff's request to reconsider the F&R based on decisions indicating that residency may be prima facie evidence of domicile or based on the argument that it is reasonable to presume "that the Defendant has abandoned Hawaii as his place of domicile and is now domiciled in Massachusetts because he lives there with his family." ECF No. 20 at 3.

Plaintiff concedes that the Ninth Circuit has not expressly held that an allegation of residency alone is sufficient to allege citizenship for the purpose of carrying one's burden of establishing jurisdiction. ECF No. 20 at 3-4; *see also, e.g.*, *Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) ("At

minimum, a person's residence constitutes *some* evidence of domicile."); *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019) (declining to address whether residency constitutes prima facie evidence of domicile) (citing *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) (citing the statement in *Anderson v. Watts*, 138 U.S. 694, 706 (1891) that "[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary," but not reaching the issue of whether residence is prima facie evidence of domicile and noting instead that a court should consider the entire record to determine whether evidence of residency can establish citizenship)); *see also Kanter*, 265 F.3d at 857-58. Plaintiff acknowledges, instead, that the Ninth Circuit directs courts to consider a number of factors, with no single factor controlling, when determining an individual's domicile, including

> current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes.

*Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Based on this authority, the Court declines to adopt a bright line rule in this case that Plaintiff's single allegation of Defendant's residency in Massachusetts was sufficient to meet its jurisdictional burden—particularly given the record here which, at present, at least suggests facts to the contrary regarding Defendant's domicile.

6

In response to Magistrate Judge Porter's concerns with that record, *see* ECF No. 19 at 6-7, Plaintiff's Objection relies heavily on evidence not contained within the Complaint and that does not yet appear to be part of the record. For example, although Plaintiff did attach Defendant's testimony to the Complaint, in that testimony he stated: "Current address – *I'm not there right now*, but it's [in] Millbury, Massachusetts." ECF No. 1 at 10 (emphasis added). At the time of that testimony, Defendant presented a Hawai'i driver's license. *Id.* at 9. And as Magistrate Judge Porter also noted, someone accepted service on Defendant's behalf in Massachusetts. ECF No. 9. Thus, while Plaintiff asks this Court to conclude that Defendant abandoned Hawai'i as his place of domicile, it has not adequately responded to the concern that Plaintiff has not sufficiently alleged Defendant's domicile or physical presence in Massachusetts, particularly when considering the portions of the record cited above. *See Lew*, 797 F.2d at 749-50 (noting that change in domicile requires (1) physical presence at a new location and (2) an intention to remain there indefinitely).

In addition, in its Objection, and apparently in response to Magistrate Judge Porter's concern that Defendant listed a Hawai'i address on certain other forms attached to the Complaint, ECF No. 1 at 19-22, Plaintiff contends that Defendant "sold his property on Maui and abandoned any intent to return to Hawaii," ECF No. 20 at 6. However, Plaintiff cites no evidence in support of this contention—let

7

alone evidence that would have been before Magistrate Judge Porter. Other information—like that Plaintiff's loan officer "was informed [Defendant] had left Maui" or that Defendant "abandoned his business in Maui"—is similarly offered without citation to any evidence and again appears to be included for the first time in Plaintiff's Objection. ECF No. 20 at 3, 6.

Because it is Plaintiff's burden to establish jurisdiction, *see Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996), and a plaintiff relying on diversity jurisdiction is "required to specify affirmatively the citizenship of all relevant parties," *Hydroelec., L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 438 (9th Cir. 1992), the Court rejects Plaintiff's Objection that its allegation of residency alone here was sufficient and therefore adopts the F&R. *See Kanter*, 265 F.3d at 857-58. As recommended in the F&R, and requested by Plaintiff in its Objection, Plaintiff is granted leave to file an amended complaint by December 19, 2022 to add additional allegations regarding Defendant's citizenship and to address Magistrate Judge Porter's other concerns regarding calculation of interest.

## CONCLUSION

For the reasons stated herein, the Court ADOPTS Magistrate Judge Porter's Findings and Recommendation to Deny Without Prejudice Plaintiff's Motion for Default Judgment Against Defendant Darrel Plimpton. ECF No. 19.

Plaintiff is granted leave to file an amended complaint by no later than December 19, 2022.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, November 17, 2022.



Jill A. Otake
United States District Judge

Civil No. 22-00220 JAO-WRP; *Bank of Hawaii v. Plimpton*; ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT DARREL PLIMPTON