IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BANK OF HAWAII,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DARREL PLIMPTON, ET AL.,<br><br>　　　　Defendants. | CIVIL NO. 22-00220 JAO-WRP<br><br>FINDINGS AND<br>RECOMMENDATION TO<br>DISMISS THIS ACTION<br>WITHOUT PREJUDICE |

FINDINGS AND RECOMMENDATION TO
DISMISS THIS ACTION WITHOUT PREJUDICE [1]

Default was entered against Defendant Darrel Plimpton on June 22, 2022.  See Entry of Default, ECF No. 13.  Plaintiff's motion for default judgment against Defendant was denied without prejudice on November 17, 2022, and Plaintiff was granted leave to file an amended complaint by December 19, 2022, to add additional allegations regarding Defendant's citizenship and to address the issues identified by the Court regarding the calculation of interest.  See Order Adopting Findings and Recommendation to Deny Without Prejudice Plaintiff's

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

Motion for Default Judgment Against Darrel Plimpton, ECF No. 22.  On January 4, 2023, this Court issued an order noting that Plaintiff had failed to file an amended complaint as directed and ordering Plaintiff to file no later than January 19, 2023, either an amended complaint or a response showing cause why the Court should not recommend that this case be dismissed for lack of prosecution.  See EO dated Jan. 4, 2023.  Plaintiff did not file an amended complaint or a response as directed by the Court.  Accordingly, as discussed below, the Court FINDS and RECOMMENDS that this action be dismissed without prejudice.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal for failure "to prosecute or to comply with [the federal] rules or a court order."  Fed. R. Civ. P. 41(b).  Rule 41(b) grants courts the authority to sua sponte dismiss actions for failure to prosecute or for failure to comply with court orders.  See Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984); Kriege v. State of Haw. Consumer Prot. Div., 2017 WL 2703771, at *2 (D. Haw. 2017), *adopted by*, 2017 WL 2695286 (D. Haw. 2017).

The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of

2

less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

Here, dismissal is appropriate given Plaintiff's failure to file an amended complaint and failure to respond to the Court's order to show cause why this action should not be dismissed for lack of prosecution.  First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending for eight months and Plaintiff has not taken any action to advance this case since the district court issued its order giving Plaintiff leave to file an amended complaint more than three months ago.  Second, the court's need to manage its docket weighs in favor of dismissal because Plaintiff's failure to comply with the court's prior orders has interfered with the Court's ability to manage its docket.  Third, given Defendant's default, the risk of prejudice to Defendant is minimal.  Fourth, less drastic sanctions are not appropriate given Plaintiff's failure to respond to the Court's prior orders.  It would be futile to recommend a lesser sanction because it would not compel Plaintiff to take the necessary steps to comply with the Court's prior orders or prosecute this action.  Accordingly, this factor supports dismissal.  Finally, although public policy generally favors disposition on the merits, because three of the factors weigh in favor of dismissal, and under the particular facts of this case, the Court concludes

that dismissal is appropriate.  However, the Court finds that Plaintiff's failures do not provide sufficient grounds to support dismissal with prejudice.  Although the factors weigh in favor of dismissal, they do not weigh "strongly" in favor of dismissal.  See In re Lagmay, 2015 WL 5970667, at *2 (D. Haw. 2015), *aff'd sub nom.*, 2016 WL 7407294 (9th Cir. 2016) (concluding that dismissal with prejudice is appropriate when at least three of the factors weighed "strongly" in support of dismissal).  Accordingly, although the Court FINDS that dismissal is appropriate, this Court RECOMMENDS that the district court dismiss this action without prejudice.

## CONCLUSION

The Court FINDS AND RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JANUARY 23, 2023.



Wes Reber Porter
United States Magistrate Judge

**BANK OF HAWAII v. PLIMPTON, ET AL.; CIVIL NO. 22-00220 JAO-WRP; FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE**